UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Bell, #192526, *a/k/a Omar Abdel-Al-Mumit*, *a/k/a John James Bell*, <br><br>　　　　　　　　Plaintiff, <br><br>vs. <br><br>Patricia Cooks; Vernon Tucker; Cecilia Reynolds; and Jeanne McKay, <br><br>　　　　　　　　Defendants. | C/A No. 2:10-3244-HFF-BHH <br><br> REPORT AND RECOMMENDATION |

The plaintiff, John Bell ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The amended complaint names SCDC employees as defendants.[2] Plaintiff claims violation of his right to privacy and denial of access to the courts. Plaintiff seeks monetary damages, and injunctive relief. The amended complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing an amended complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett*

---

[3] Screening pursuant to § 1915A is subject to this standard as well.

*v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Exhaustion of administrative remedies prior to bringing a federal lawsuit is required by 42 U.S.C. § 1997e(a) (stating "No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Before Plaintiff may proceed with his claims in this Court, he must first exhaust administrative remedies available through the SCDC prison grievance process. On December 17, 2010, Plaintiff filed a step one grievance in relation to "extra copies" of his legal documents, with the warden's decision dated January 12, 2011. ECF No. 16-2 at 7; ECF No. 17. Also, on December 16, 2010, Plaintiff signed a step one grievance appeal of the warden's decision on a grievance concerning lack of library access while on unit lock down despite a pending court deadline. ECF No.16-2 at 6; ECF No. 17. Plaintiff's complaint filed in this Court is dated December 16, 2010, contemporaneous with initiating the prison grievance process.[4] Plaintiff obviously did not allow sufficient time to

---

[4] Plaintiff filed an amended complaint in response to the Court's Order. ECF No. 11; ECF No. 16.

3

complete the prison administrative remedy process prior to filing suit in federal court. Although Plaintiff's response to the Court's special interrogatories states "I have not received 'justice' through the avenues provided by SCDC" (ECF No. 17), Plaintiff does not allege facts that indicate the defendants hindered Plaintiff's ability to exhaust administrative remedies. *Hill v. Haynes*, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010)(remanded because fact issues existed as to whether defendants hindered prisoner's ability to exhaust administrative remedies with respect to incidents giving rise to complaint). It is apparent that the amended complaint is subject to dismissal for failure to exhaust administrative remedies. However, even if Plaintiff had fully exhausted the prison grievance process prior to filing this civil rights action, the case is still subject to dismissal for failure to state a claim on which relief may be granted.

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff claims his constitutional right to access the courts has been denied by limiting his access to the prison law library. The United States Supreme Court has held that

4

an inmate alleging denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts. *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996)(Plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375,1382-85 (4th Cir.), *cert. denied*, 510 U.S. 949 (1993)("basic requirement that show specific harm or prejudice from the allegedly denied access"). Plaintiff does not allege that he is unable to file legal actions or legal papers necessary to continue pending legal actions and thus is being denied access to the courts. Neither does Plaintiff claim any harm to his pending legal actions as a result of official action, *e.g.* denial of access to the prison law library caused a case to be dismissed. *See Cochran*, 73 F.3d at 1317 (withdrawal of complaints on plaintiff's motion and without prejudice is not actual injury required for denial of access to court claim). Plaintiff fails to allege "actual injury" to establish a claim for denial of access to the courts.       Plaintiff also claims violation of his right to privacy based on a correctional officer's possession of Plaintiff's legal papers copied for filing in a state court appellate case. Prisoners have no legitimate expectation of privacy in their cells or in their possessions. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Further, documents filed in a court case, unless the case is sealed by the court, are public documents. Even publication, much less possession, of public documents does not violate a person's privacy. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975)(prohibiting invasion of privacy action for publication of public record). The amended complaint fails to establish that Plaintiff's right to privacy was violated.

The amended complaint in this case fails to state a claim on which relief may be

granted, and should be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b).

Recommendation

Accordingly, it is recommended that the District Judge dismiss the amended complaint *without prejudice* and without issuance and service of process.  **The plaintiff's attention is directed to the notice on the following page.**

                                                       s/Bruce Howe Hendricks  
                                                     United States Magistrate Judge

March 10, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).