IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Bell, a/k/a Omar Abdel-Al-Mumit, a/k/a Jon James Bell<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Patricia Cooks, et al.,<br><br>　　　　　　　Defendants. | C.A. No. 2:10-3244-TMC<br><br>**ORDER** |

## INTRODUCTION

This matter is a § 1983 civil action filed by a *pro se* litigant, John Bell, a/k/a Omar Abdel-Al-Mumit, a/k/a John James Bell (Bell), appearing *in forma pauperis*. (Dkt. Nos. 1, 16.) The case is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, which recommends dismissing Bell's complaint without prejudice. (Dkt. No. 23.)[1] The court adopts the Report and dismisses the complaint without prejudice and without issuance and service of process.

## DISCUSSION

The Report sets out the facts and circumstances of this case in detail, so the court will only briefly outline those facts here. Bell is incarcerated at Kershaw Correctional Institution, a

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

facility of the South Carolina Department of Corrections (SCDC), as a result of his 1992 convictions for murder, kidnapping, and criminal sexual conduct with a minor. (Order Dismissing Application for Post-Conviction Relief, Dkt. No. 16-3.) In his amended complaint, Bell names several SCDC employees as defendants and claims that these defendants violated his right to privacy and denied him access to the courts. (Dkt. No. 16.)

The magistrate judge thoroughly reviewed the record and filings and recommended dismissing the amended complaint for two reasons: First, Bell failed to exhaust his administrative remedies (Dkt. No. 23 at 3); and second, Bell failed to state a claim for which relief could be granted because he did not set forth any facts tending to prove he suffered actual injury (*Id*. at 4–6).

Bell timely filed what the court has construed to be objections to the Report. (Dkt. No. 28.) The bulk of the statements contained in his objections are incoherent and frivolous. To the extent that Bell failed to specifically object to any statements or grounds for dismissal within the Report, he has waived his right to appeal as to those issues. *See United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007) ("[A] party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues.").

However, the court does recognize a single specific objection. Bell alleges he lost "'access to court' in a pending dismissal under an appeal for the South Carolina Supreme Court . . . which was claimed to not have been properly made." (Dkt. No. 28 at 4.) The court construes this objection as follows: Bell alleges that due to a lockdown of his unit at Kershaw Correctional Institution, which allegedly inhibited his access to the law library, he failed to timely file documents with the South Carolina Supreme Court, resulting in a dismissal of his case by that tribunal. However, a review of Bell's filings before the South Carolina Supreme Court

contradicts his contention. In an order dated January 4, 2011, the South Carolina Supreme Court noted that Bell filed a notice of appeal in his underlying case, 2010-CP-02-0598, with the clerk of court in Aiken County on December 3, 2010. *Bell v. State*, S.C. Supreme Court Order dated Jan. 4, 2011. The Supreme Court dismissed this appeal without prejudice because the order appealed from was not appealable—which constitutes a decision on the merits. *Id*. Furthermore, in a letter dated December 21, 2010, the Clerk of the Supreme Court noted that it had received another notice of appeal from Bell dated December 13, 2010. *Bell v. State*, Letter from the Clerk of the Supreme Court dated December 21, 2010. By way of review of these documents from the South Carolina Supreme Court, it is apparent, then, that any alleged lockdown affecting Bell's unit did not affect his ability to file documents with the South Carolina Supreme Court, much less result in an untimely filing causing the dismissal of any case. Thus, the court agrees with the magistrate judge that Bell did not suffer any actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding an inmate alleging denial of court access must demonstrate actual injury); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (holding that specific allegations of actual injury must be made by a plaintiff claiming denial of access to the courts); *see also Strickler v. Waters*, 989 F.2d 1375, 1382–85 (4th Cir. 1993), *cert. denied*, 510 U.S. 949 (1993) (discussing in detail a plaintiff's burden to show actual injury or specific harm arising from limited access to the courts).

## CONCLUSION

The court finds Bell's specific objection without merit. After a thorough review of the record and Report according to the standard set forth in this order, the court adopts the Report. (Dkt. No. 23.) Therefore, it is

**ORDERED** that Bell's complaint is **DISMISSED** without prejudice and without

issuance and service of process. All other pending motions are therefore rendered **MOOT**. (Dkt. Nos. 30 and 31.)

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain

United States District Judge

Greenville, South Carolina
November 8, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.